IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TROY YEARBY, | * | |
| Petitioner, | * | CASE NO. 3:04-CV-83-CAR |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | RE: CASE NO. 3:01-CR-2-HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Troy Yearby was convicted by jury of indicted Count I, Conspiracy to Possess With Intent to Distribute less than 50 grams of cocaine base in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and in Counts II, III, IV, and V, of Distribution of over 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(iii), and 18 U.S.C. § 2. Count VI is not relevant to this Petitioner. Petitioner Troy Yearby was also convicted of Count VII, Possession of a Firearm by a Convicted Felon. Subsequent to the preparation and reporting of a Pre-Sentence Investigation (PSI), Petitioner Yearby was sentenced by the court to a total term of 480 months (R-345). He appealed his convictions and sentence to the Eleventh Circuit Court of Appeals which Affirmed the same on December 30, 2003 (R-385). On August 23, 2004, Petitioner Troy Yearby timely filed the present § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (R-386). Petitioner raises several claims of ineffective assistance of counsel and that his sentence, under *Blakely v. Washington,* 124 S.Ct. 2351 (2004), is unconstitutional.

**Petitioner's Claims**

As **Ground One** of his Motion, Petitioner Troy Yearby contends that he was denied his Six Amendment Right to effective assistance of counsel when his counsel "failed to move for judgment of acquittal on Count One because all of the elements of offense wasn't proved." In his attached Memorandum, Petitioner elaborates factually on this claim, stating that:

> The indictment charged that from January 1, 1990 to June 1, 2001, . . . within the jurisdiction of this court, . . . Troy Yearby . . . did unlawfully and willfully conspire with other persons, . . . to knowingly possess with intent to distribute schedule II controlled substances, to wit cocaine base, also know as crack cocaine, in an amount more than fifty (50) grams, and cocaine, in an amount more than five hundred (500) grams, and marijuana, all in violation of Title 21, U.S.C. § 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii), Title 21 U.S.C. § 844, and Title 18 U.S.C. Section 2.

Yearby further points out that the jury returned a special verdict finding that possession with intent to distribute *powder cocaine* and *marijuana* were not objects of the conspiracy; that possession of *cocaine base (crack cocaine)* was the object of the conspiracy, but that the amount of cocaine base (crack cocaine) was less than 50 grams. Petitioner cites to the Jury Verdict reported in the Trial Transcript (R-370) at pages 117, 118. In his Memorandum, Petitioner does not mention that the Jury Verdict, as shown in the Trial Transcript at page 118, did find him guilty of Conspiracy to Possess With Intent to Distribute crack cocaine and that he was found guilty of Conspiracy to Possess with Intent to Distribute more than five (5) grams of crack cocaine in four Counts.

Petitioner's contention to the contrary, the Jury did find him guilty of Conspiracy to Possession with Intent to Distribute Cocaine Base in the specific amount of more than five (5) grams of crack cocaine which is punishable by the provisions of 21 U.S.C. § 841(b)(1)(B)(iii) "to a term of imprisonment which may not be less than 5 years and not more than 40 years."

Petitioner Yearby's claim that his counsel was ineffective for not moving for acquittal as to Count One is contrary to the record which shows that Petitioner's Counsel moved the court for acquittal as to the entire Indictment on the ground of insufficiency of the evidence, which was denied by the trial judge. (Tr. Trans.-193). Moreover, Petitioner's convictions, including the Count One conviction and sentence, were affirmed by the Eleventh Circuit Court of Appeals on Petitioner's direct appeal. Petitioner did not raise before the Court of Appeals his present contention that his sentence under the jury's specific drug amount finding of "more than five (5) grams of cocaine base" to the maximum 40 years as prescribed by 21 U.S.C. § 841(b)(1)(B)(iii) was unconstitutioal. He is therefore procedurally barred from raising that claim now in his § 2255 Motion. In *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1999), the Court held, "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." See *Cross v. United States,* 893 F. 2d 1287, 1289 (11th Cir.), cert. denied, 498 U.S. 849, 111 S. Ct. 138, (1990) (When a defendant fails to pursue an available issue on direct appeal, it will not be considered in a

motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the error.)  Petitioner Yearby, by virtue of the jury not finding that he Possessed fifty (50) grams of cocaine base in the conspiracy to distribute, shows that he dodged a much larger sentence than he got for the offense of which he was lawfully convicted.  Petitioner Yearby cannot show prejudice.

In his **Ground Two,** Petitioner Yearby claims that his counsel was ineffective for failing to object to his sentence of 40 years under 21 U.S.C. § 841(b)(1)(B)(iii), contending that the Jury did not find him guilty of enhancement elements, arguing that the court was therefore limited to a sentence of no more than 20 years under the catch-all provisions of 21 U.S.C. § 841(b)(1)(C).  Similarly, in his **Ground Three,** Petitioner contends that his sentence was based on facts (relevant conduct) not admitted or proven to the jury beyond a reasonable doubt.  In his Memorandum, Petitioner Yearby makes specific reference to the rulings in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), and *Blakely v. Washington,* 124 S.Ct. 2531 (2004), in regard to his claims of the unconstitutionality of his 40 year sentence.  Petitioner Yearby urges the retroactive application of those rulings to his § 2255 collateral attack on his sentence.  However, the question of retroactive application of those ruling to cases on collateral review has been determined adversely to his contention.

In *United States v. Booker-Fanfan,* 125 S.Ct. 738 (2005),  at page 769, the Court held:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on

4

> direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past). See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1]

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* rulings in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct.

---

[1] (*Reynoldsville* at 752) (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

5

> at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review");*see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review). *Valera* settles Petitioner's traverse claim that the *Blakely* rule was a substantive and not procedural ruling. The *Apprendi/Blakely/Booker* rulings have no retroactive application to Petitioner's § 2255 Motion and his Grounds Two and Three have no merit.

As **Ground Four,** Petitioner Yearby contends that his counsel was ineffective for failing to object to his sentence being based on prior convictions which he contends constituted part of the conspiracy of which he was convicted in his present case. He makes specific reference to a conviction of possession a firearm in 1999, saying, "[T]he gun possession occurred during the time of the conspiracy and it happened after the overt act of the 1991 drug possession and conviction which clearly makes it a part of the conspiracy." The record reflects that Petitioner's 1999 State gun possession offense was not proffered as

6

an overt act of the conspiracy charged in Petitioner's present case. The Eleventh Circuit Court of Appeals has determined this issue adversely to Petitioner Yearby in *United States v. Johnson,* 87 F.3d 1257, 1259 (11th Cir. 1996) agreeing with the 8th Circuit's holding in *United States v. Torres-Diaz,* 60 F.3d 445, 448 (1995) which held, "[D]efendant is not entitled to merge all criminal activities simply because those activities occurred over a single span of time, or out of a common base of operations"). There is no merit in Petitioner's claim that his State gun possession conviction which occurred during the time of the drug distribution conspiracy of which he was convicted here was simply a part of the conspiracy and should not be considered as a prior offense in calculating his sentence range as pemitted by *Apprendi.*

Finally, Petitioner Yearby contends as his **Ground Five,** that his counsel was ineffective for erroneous advice during his advisement of a plea bargain offered by the government which hampered movant's decision to accept a plea bargain. In his attached Memorandum, Petitioner briefly argues that:

> [C]ounsel's performance was deficient because counsel erroneously calculated convictions that were related to the instant offense, in determining how much time the movant was due to receive as a result of the plea offer.
> Here if counsel would have apprised movant of the actual amount of time he was facing, opposed to the erroneous calculation, the movant would have accepted the plea offer.

Petitioner cannot show that in all reasonable probability effected the outcome of his decision to go to trial would have been effected differently.        The government reminds

7

Petitioner that the trial court held a pre-trial conference on September 4, 2002, at which time the government put its plea offer on the record in the presence of Petitioner Yearby and his counsel, stating that if Troy Yearby took the government's plea offer, he would have a sentencing range of ten to fifteen years imprisonment with some possibility of a reduction under a 5K Motion if he provided substantial assistance to the government, but if he went to trial and was convicted of the conspiracy and substantive counts, he would spend the rest of is life in jail. The District Judge inquired of Yearby whether he understood the plea offer and the difference in the time he could spend in prison, and Troy Yearby stated that he did understand, but that he still wished to go to trial. (R-234). It must be noted that had Petitioner been convicted of Possession with Intent to Distribute Cocaine Base in an amount more than 50 grams, the penalty under 21 U.S.C. § 841(b)(1)(A)(iii) would have been "a term of imprisonment which may not be less than 10 years or more than life."

In his Traverse (R-408) Petitioner states that his "claim is that his counsel erroneously factored in the related priors when telling movant how much time he would receive as a result of taking the plea." Now, Petitioner Yearby, after the fact, merely makes a blank and self-serving assertion that he would have taken the plea offer for a lesser sentence than he received upon the jury verdict. His contention lacks persuasion or any factual basis from the record at the time of his decision to go to trial, when he had opportunity to ask the trial judge at the pre-trial conference about any confusion about a estimated sentence. There is no merit in Petitioner's Ground Five.

Finding no merit any part of Petitioner Troy Yearby's Motion To Vacate, Set Aside, or Correct his Sentence, there is no cause to convene an evidentiary hearing.

WHEREFORE, IT IS RECOMMENDED that Petitioner Troy Yearby's Motion be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 10th day of June 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE