IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TROY YEARBY, | * | |
| Petitioner, | * | |
| | | CASE NO. 3:06-CV-20-CAR |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 3:01-CR-2-CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On November 20, 2002, Petitioner Troy Yearby was convicted by jury of Conspiracy to Possess With Intent to Distribute less than 50 grams of cocaine base in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and Counts II, III, IV, and V, for Distribution of over 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(iii), and 18 U.S.C. § 2. Petitioner Yearby was also convicted of Count VII, Possession of a Firearm by a Convicted Felon. (R-288). Subsequent to the preparation and reporting of a Pre-Sentence Investigation (PSI), Petitioner Yearby was sentenced by the court to a total term of 480 months (R-355). He appealed his convictions and sentence to the Eleventh Circuit Court of Appeals which Affirmed the same on December 30, 2003 (R-385). On August 23, 2004, Petitioner Troy Yearby timely filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-386). In this motion, Petitioner Yearby raised several claims of ineffective assistance of counsel. His Motion Pursuant to 28 U.S.C.§ 2255 was denied on July 25, 2005 (R-433). Petitioner Yearby attempted to

appeal the denial of his Motion to Vacate, but the Court of Appeals denied a Certificate of Appealability on December 23, 2005. (R-465).

On February 24, 2006, Petitioner Yearby filed a Rule 60(b) Motion under the Federal Rules of Civil Procedure. (R-468). Petitioner Yearby justifies his use of Rule 60(b) by quoting a statement Justice Breyer made in *Gonzalez v. Crosby,* --- U.S.---, 125 S.Ct. 2641 (2005), that, "a proper rule 60(b) motion attacks, not the substance of a federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas corpus proceedings." The *Gonzalez* case was a habeas corpus action. The Supreme Court actually held in *Gonzalez* that a person, such as Petitioner Yearby, could not use Rule 60(b) to circumvent the requirements of obtaining authorization from the Court of Appeals to file a second or successive § 2255 Motion addressing substantive claims. In *Gonzalez,* the Court ruled that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly," and that using Rule 60(b) to present new claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.,* at 2647. The Court held that if a Rule 60(b) motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the defendant's conviction or attacks the federal court's previous resolution of a claim on the merits.

Petitioner Yearby attempts to set out a procedural claim rather than a new substantive claim for relief for which he would be required to get pre-authorization from the Court of Appeals. On page 2 of his Rule 60(b) Motion, Petitioner Yearby makes his first claim as follows:

> Accordingly, in this instance pertaining to the Movant Troy Yearby, the ruling by the Magistrate Judge of this court seriously deprived him of his Constitutional Due Process Rights by factually taking into accord non-factual information that was relayed by the AUSA, and further allowed a miscarriage of justice in this ruling. The AUSA knowingly presented information regarding the jury's verdict and knowingly misrepresented the true and factual verdict as it relates to this Movant's Constitutional Rights.

Petitioner Yearby makes the following *argument* at page 6 of his Motion:

> To further bolster his claim Movant ask that one look at the record of the Report and Recommendation of the U.S. Magistrate (the AUSA factually stated in ¶ 1, page 1, beginning at line 3 that the defendant was convicted of Distribution of over 5 grams of cocaine base in violation of 21 U.S.C. § § 841(a)(1), § 841(b)(1)(B)(iii), and **18 U.S.C. § 2.** However, if we go to page 2 ¶ 3, line(s) 8-9, it clearly states that the Defendant was found guilty of <u>Conspiracy to Possess with Intent to Distribute more than five (5) grams of crack cocaine</u>.

Petitioner does not realize that 18 U.S.C. § 2 is the statute that charges the conspiracy in regard to the cocaine base/crack cocaine distribution scheme also charged. There is no "direct paramount" between the statements and the jury's verdict. Petitioner attaches page 118 of the trial transcript (R-468-2) containing the jury's verdict, finding Petitioner Yearby guilty of the Conspiracy charged in Count One as to cocaine base "less than 50 grams", and guilty as to distribution of "more than 5 grams" of cocaine base as charged in Counts Two

3

through Five of the Indictment. *See* R-468-2 at 118, 119.

Petitioner Yearby cannot find a procedural error in the Magistrate Judge's "ruling", because the Magistrate Judge has made no ruling in his case. The Magistrate Judge made a Report and Recommendation (R-424) to the District Judge in regard to Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-386), which the District Judge denied by *his* ruling on July 25, 2005 (R-435). The District Judge also denied Petitioner Yearby's Motion For Reconsideration on August 11, 2005 (R-439), and, as previously stated, Circuit Court of Appeals denied Petitioner's Application for Certificate of Appealability, stating that Petitioner Yearby "failed to make a substantial showing of the denial of a constitutional right." (R-465). Petitioner's present conclusory claim that the Magistrate Judge "seriously deprived him of his Constitutional Due Process Rights by factually taking into accord non-factual information that was relayed by the AUSA," fails to set-forth any procedural claim upon which this court might grant relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Thereafter, in his Rule 60(b) Motion, Petitioner Yearby makes the following substantive claims:

> This Honorable Court allowed the prosecution to charge the jury in mid-stream to modify the charge with a lesser included charge, yet never asking or notifying this Movant with it's intention(s).

(R-468 at 2). Petitioner then claims that the District Judge constructively amended the Indictment in his charge to the jury by instructing the jury that it must find whether the amount of cocaine base it found involved in the Conspiracy charged in Count One, if any,

4

was "more" or "less" than 50 grams, and by instructing the jury that it must find whether the amount of cocaine base it found involved in distributions charged in Counts Two through Five, if any, was "more" or "less" than 5 grams, in each Count.

Petitioner argues on page 5 of his Motion that:

> For this case to have triggered a higher statutory maximum [than prescribed by 21 U.S.C. §841(b)(1)(C)] the jury would have had to have found, beyond a reasonable doubt, that the "conspiracy" was responsible for the distribution of drugs in amounts at least equal to the quantities described in 21 U.S.C. § 841(b)(1)(B) (e.g., 500 grams of cocaine, or five grams of cocaine base).

As shown above the jury found that the Conspiracy involved less than 50 grams of cocaine base, but more than 5 grams in each of the four Distribution Counts of the Indictment. Petitioner's claims make distinctions without substance. However, he has definitely abused the *Gonzalez* Court's holding as to the use of Civil Rule 60(b) in criminal cases by making substantive, rather than procedural claims. In his argument, at page 3, regarding his claim that the District Court made a variance between the Indictment and the evidence, Petitioner Yearby himself states that he is asserting a substantive claim, saying, "In this instance, the defendant's substantial right is affected by the variance between the indictment and evidence as criterion necessary of obtaining reversal of his conviction." Petitioner Yearby is clearly collaterally attacking his conviction and sentence.

Inasmuch as Petitioner's Rule 60(b) Motion continues to raise substantive claims, it is subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and unauthorized. "Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move

the Court of Appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281, (11th Cir. 2000). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion For Rule 60(b) be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 14th day of April 2006.

> S/ G. MALLON FAIRCLOTH
> UNITED STATES MAGISTRATE JUDGE