**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| TROY YEARBY, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 3:01-cr-2(CAR) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

## REPORT AND RECOMMENDATION

Before the Court is a motion filed by Petitioner Troy Yearby styled a "Motion for Court to Take Judicial Notice of Pending Motion and Request for an Order Containing 5(b) Certification that Appellate Jurisdiction is Invoked." Doc. 541. In this motion, Petitioner contends that the Court failed to rule on a motion for relief from judgment filed on December 20, 2007 ("The 2007 Motion").[1] Doc. 504. The Court construed his 2007 Motion as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced his sentence from 480 months to 360 months, pursuant to a retroactive amendment to the United States Sentencing Guidelines. In his present motion, Petitioner argues that the 2007 Motion was not a motion for reduction of sentence but a motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, based on an argument that the indictment in his case was barred by the statute of limitations.

To the extent that Plaintiff's 2007 Motion was intended to be a motion for relief from judgment pursuant to Rule 60(b)(4), it is in fact a successive motion to vacate, set aside, or correct

---

[1] The December 7, 2007 Motion was styled "Defendant's Pro Se, Nunc Pro Tunc Rule 60(b)(4) Motion to Reopen His Case From Final Judgment, In Which He Seeks Relief Pursuant to Gonzalez v. Crosby, 125 S.Ct. 2641 (2005), to Void and Dismiss the Indictment Due to the Procedural Jurisdictional and Structural Error Defects in the Court Proceedings, All in Violation of 18 U.S.C. §§ 3161(b) and (c)(1), and 18 U.S.C. § 3282 Fed. R. of Crim. P. (2001 ed.)."

his sentence pursuant to 28 U.S.C. § 2255.  Petitioner's claim that the indictment was barred by the statute of limitations falls clearly within the range of relief that Section2255 affords, as it is a claim that Petitioner has "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence" 28 U.S.C. § 2255(a).

Where a prisoner has previously filed a collateral attack on his sentence, Section 2255 limits the prisoner's ability to file a second or successive petition, providing that such a petition may only be entertained if a panel of the Court of Appeals certifies that it contains newly discovered evidence or a new rule of constitutional law.  28 U.S.C. § 2255(h).

In this case, Petitioner has already filed a Section 2255 motion.  His first motion was filed on August 23, 2004.  Soc. 386.  The motion was denied on July 25, 2005.  Doc. 433.  The Court of Appeals denied a certificate of appealability on December 23, 2005.  Doc. 465.  There is no indication in the record that Petitioner has ever sought permission from the Eleventh Circuit Court of Appeals to file a second or successive petition.  In 2006, Petitioner filed a "Motion for Rule 60(b)."  Doc. 468.  Adopting the Recommendation of the United States Magistrate Judge, the Court dismissed this motion as a successive Section 2255 motion.

In his first "Rule 60(b)" motion, as in this one, Petitioner argued that reconsideration of his conviction and sentence was justified by the holding of the Supreme Court in Gonzalez v. Crosby, 545 U.S. 524 (2005).  As the Magistrate Judge's Recommendation explained, however, Petitioner has misconstrued Gonzalez.  Gonzalez held that a Rule 60(b) motion could be used to attack "some defect in the integrity of the **federal habeas corpus proceedings**."  545 U.S. at 2648 (emphasis added).  The Gonzalez opinion is careful to explain that a Rule 60(b) motion may not be used to

attack "the substance of the federal court's resolution of a claim on the merits." Id.[2]  In Gonzalez, therefore, the petitioner was allowed to bring a Rule 60(b) motion to contend that the district court had improperly calculated the statute of limitations as to his habeas corpus petition.  This motion did not challenge the underlying conviction, but rather challenged a procedural matter in the resolution of the habeas action.

In both his first Rule 60(b) motion and in his 2007 Motion, Petitioner did not challenge the integrity of the proceedings on his first Section 2255 motion, but rather brought claims concerning the validity of his conviction.  Such claims should have been brought in his first Section 2255 motion, and they cannot be brought in a second or third petition without meeting the requirements of Section 2255(h), even if Petitioner has "slapped a Rule 60(b) label" on the motion.  See Gilbert v. United States, 640 F.3d 1239, 1323 (11th Cir. 2011).  Because Petitioner's second Rule 60(b) motion "sought to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier [Section] 2255 motion proceeding in his case, under Gonzalez his motion is the equivalent of a second or successive motion and is barred by [Section] 2255(h)." Id.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's December 20, 2007 Motion (Doc. 504) be **DISMISSED,** to the extent that it is construed as a Rule 60(b) motion for relief from judgment.  It is further **RECOMMENDED** that Petitioner's November 11, 2010 Motion for Court to Take Judicial Notice" (Doc. 541) be **DENIED**, to the extent that it asks the Court to grant his December 20, 2007 Motion.

---

[2]It should be kept in mind that Rule 60(b) is from the Federal Rules of **Civil** Procedure.  As such, it is applicable to collateral proceedings under 28 U.S.C. § 2254 and 28 U.S.C. § 2255, which are considered to be civil in nature.  It is not applicable to the underlying criminal proceedings and is not an appropriate means for bringing a collateral attack on a criminal conviction or sentence.

In light of the present Recommendation, Petitioner's "Motion to Direct Clerk to Notify Petitioner of Status of Pending Motion" (Doc. 542) and "Motion to Show Cause" (Doc. 545) are **DISMISSED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

SO ORDERED, this the 14th day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge